Gary ALTMAN, Attorney at Law, A Law Corporation, as Trustee for Joanne R. Cumiford by her Guardian, Ethel M. Winzeler, Plaintiff

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, et al., Defendants,

First Interstate Bank of Hawaii, a Hawaii Corporation, Intervenor.

Civ. No. 86–0348.

United States District Court, D. Hawaii.

Jan. 21, 1988.

Dixon & Okura, Michael B. Dabney, Steven B. Dixon, Hilo, Hawaii, Robert Smith, Honolulu, Hawaii, for plaintiff.

Daniel Bent, Michael Chun, David Bunning, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Ashford & Wriston, Kirk W. Caldwell, Honolulu, Hawaii, for defendants.

ORDER GRANTING MOTION FOR ORDER THAT THE INTERPLEADED FUNDS BE PAID TO THE UNITED STATES AND DENYING MOTION FOR ORDER TO DIRECT INTERVENOR TO PAY OVER TO GARY ALTMAN ATTORNEY, TRUSTEE, INTERPLEADED FUNDS

KAY, District Judge.

### I.

This case came before the court on December 14, 1987 on cross motions by the Commissioner of Internal Revenue and Gary Altman seeking the funds in issue in this case. Motions to withdraw reference to bankruptcy court and to consolidate with this case a related bankruptcy action, Civ. No. 87–0515, were also heard at that time, with no opposition to such motions to withdraw reference and to consolidate.

### II.

On January 13, 1986, the Internal Revenue Service (IRS) served a notice of levy on First Interstate Bank of Hawaii (First Interstate), seeking funds in the name of "Joanne R. Cumiford c/o Gary Altman." Although First Interstate held two certificates of deposit in the name of Gary Altman, Trustee for Joanne R. Cumiford, First Interstate returned the levy marked "no accounts found" because it had no funds in the name of Joanne Cumiford.

On May 9, 1986, Joanne Cumiford filed a Chapter 7 bankruptcy petition. On May 12, 1986, the IRS served a final demand upon the First Interstate, demanding the funds sought in the levy. On May 15, 1986, Gary Altman, as trustee of the discretionary spendthrift trust, filed the present action, seeking an injunction against the IRS levy on First Interstate. First Interstate was allowed to intervene in this action, seeking to interplead the disputed funds. The IRS and Altman both moved for summary judgment, and on November 4, 1986, the court ordered Altman's complaint dismissed for lack of subject matter jurisdiction.

First Interstate moved for summary judgment on its claim for interpleader. The IRS moved for an order directing First Interstate to pay the funds to the IRS, and Altman moved for an order directing First Interstate to pay the funds to Altman.

In the bankruptcy action, an adversary action was filed to determine the proper disposition of the trust funds held by First Interstate. On June 4, 1987, the Bankruptcy Court heard the motions of the various parties, and denied each of them, deferring to the ruling of this court in the present action. The bankruptcy action is now consolidated with this case.

### III.

In order to determine the rights of the parties to the funds which have now been

interpleaded by First Interstate, it is necessary to resolve three separate issues: first, whether the tax debtor, Joanne Cumiford, had an interest in the spendthrift trust funds to which the levy could attach; second, whether the IRS levy on First Interstate was properly made; and third, whether a levy on the funds is itself sufficient to remove those funds from the bankruptcy estate.

### A. Existence of Property Interest Subject to Levy.

The determination of whether a delinquent taxpayer holds a property interest is a matter of state law, and the determination of whether the IRS can reach the property in satisfaction of a tax debt is a matter of federal law. *Aquilino v. United States*, 363 U.S. 509, 513–14, 80 S.Ct. 1277, 1280–81, 4 L.Ed.2d 1365 (1963). Thus, if under state law, Cumiford can be said to have some property interest in the corpus of the Altman trust, then that interest can be sought by levy to the extent possible under federal law in order to fulfill Cumiford's Federal tax obligations.

Under Hawaii law, when a beneficiary of a spendthrift trust is also the settlor of that trust, creditors may reach both income and corpus in satisfaction of either prior or subsequent debts. *Cooke Trust Co. v. Lord*, 41 Hawaii 198 (1955). Thus, if Cumiford herself was the source of the funds which form the corpus of the trust, the spendthrift provisions of that trust will not prevent creditors, including the government, from reaching those funds. The fact that Cumiford is not the only possible beneficiary of this trust does not alter this result, since by the terms of the trust instrument in this case, the entire trust income could be applied to Cumiford's benefit. In *Cooke Trust, supra,* the Hawaii Supreme Court held that when, as in this case, the trustee has the absolute discretion to pay income to either the settlor of the trust or to others, the entire trust corpus may be reached by the settlor's creditors. *Id.* at 205.

The issue of whether Cumiford was the settlor of this trust has been previously decided in this case. In dismissing Altman's wrongful levy action and granting the government's motion for summary judgment, the court made the specific finding that "Joanne R. Cumiford (Taxpayer) is the settlor of the trust in issue." Order Dismissing Complaint, November 4, 1986. Although this finding was made in the context of a determination that the court did not have jurisdiction to hear Altman's claim, this factual finding was necessary to the jurisdictional issue, and should not be reexamined at this point. The trust funds are therefore subject to the claims of creditors.

### B. Form of the IRS levy.

Altman and the trustee in bankruptcy contend that since the IRS levy by its terms was directed against funds owned by Cumiford, the levy did not reach the trust funds in question, which were deposited in Altman's name. Cumiford was a beneficiary of the trust, but did not have the ability to withdraw or control the disposition of the funds. The substance of this objection to the levy is apparently that the levy was insufficient because it failed to exactly mirror the title of the account which held the funds. Altman and the bankruptcy trustee also contend that the IRS levy was directed against the wrong entity, and Altman, as trustee of the trust, should have been served with notice of the levy instead of First Interstate. The provisions of the Internal Revenue Code do not, however, require precision in the description of the property being sought by levy, and provide that the levy be served on the entity in possession of the property. 26 U.S.C. § 6331(a) provides simply that delinquent taxes may be collected "by levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax." § 6332(a) provides that:

... any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such proper-

ty or rights (or discharge such obligation) to the Secretary ...

Thus, the statute provides for service of the levy on the entity in possession of the funds. Treas.Reg. § 301.6331–1(a) expressly provides for service of a notice of levy on one in possession of bank accounts. Since under Hawaii law, Cumiford had a property interest in the corpus of the spendthrift trust because she was the settlor of the trust, that property interest was reached by the IRS levy when the notice of levy was served on the "person in possession of" the funds. In support of their assertion that the notice of levy must be served on the trustee rather than the bank holding the funds, the bankruptcy trustee cites *LaSalle National Bank v. United States*, 636 F.Supp. 874 (N.D.Ill.1984). In that case, however, the court did not discuss this issue, and cannot be said to stand for such a proposition, since the trustee served with notice of the levy was also the bank which was in possession of the trust funds.

C. *Effect of Levy Prior to Bankruptcy Petition.*

■ Even if the IRS levy was proper, since the bankruptcy petition was filed before the IRS actually received the trust funds, the funds would become a part of the bankruptcy estate unless the levy itself operated to divest Cumiford of any property interest in the funds. The bankruptcy trustee argues that under *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), actual seizure of the property is required in order to remove the property from the bankruptcy estate. *Whiting Pools*, however, involved a levy on property which was valued in excess of the tax debt, and thus the taxpayer retained some property interest in the property even after it had been the subject of the IRS levy—when property worth more than the amount of the tax debt is seized, the debtor retains the rights to the surplus and to redeem the property. In this case, the levy was directed to the equivalent of cash rather than tangible personal property, and in an amount far less than the amount of the tax debt. The

decision in *Whiting Pools* was based on the fact that the levied property was worth far more in the hands of the debtor undergoing reorganization than its scrap value; since the debtor retained property rights in the surplus and redemption rights, in order for those remaining property rights not to be prejudiced, the property must remain as part of the bankruptcy estate, provided the IRS is given adequate security.

The case law on this point has not been consistent. *In re Davis*, 35 B.R. 795 (W.D. Wash.Bkrtcy.1983) held that an IRS levy does not transfer ownership of property; rather the levy is simply a procedural device for the IRS to protect and satisfy its liens, and actual release of the property is necessary to transfer ownership of the levied property. *See also In re Dunne Trucking Co.*, 32 B.R. 182 (N.D.Iowa Bkrtcy.1983). Other cases have distinguished the levy of cash from the levy of tangible property valued in excess of the tax debt. *DiFlorio v. United States*, 30 B.R. 815, 818 (N.D.N.Y.1983) (limiting *Whiting Pools* to the circumstances of a levy on property worth more than the tax debt). In *In re Professional Technical Services Inc.*, 71 B.R. 946 (Bankr.E.D.Mo. 1987), the court held that a levy on an accounts receivable removed those accounts from the bankruptcy estate even though they had not yet been seized. Since the debtor had no remaining interest, such as redemption or surplus, which could become a part of the bankruptcy estate, the "ministerial action" of actually receiving the accounts levied was "not considered ... to be a substantial element necessary to the completion of the levy."

Especially in the context of the present case, which involves a liquidation under Chapter 7 instead of a reorganization under Chapter 11, as was the case of *Whiting Pools*, there does not appear to be any interest in the property held by the taxpayer which would prevent the levy from perfecting the government interest in the funds. The rationale of *Whiting Pools* does not apply, and *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), which held that an IRS

levy on funds "gave the United States full legal right to the [funds]," controls. Since the taxpayer has no remaining interest in the funds, a liquid amount less than the amount of tax debt, the IRS levy perfected the government's interest, and prevents the funds from becoming a part of the bankruptcy estate.

### IV.

In granting First Interstate's motion for summary judgment, this court granted First Interstate's request for its attorney fees to be paid from the interpleaded funds, provided such an award did not operate to diminish a fund encumbered by a federal tax lien. Since by this order it is established that the entire interpleaded fund is to be paid to the United States, First Interstate is not entitled to recover its costs and fees associated with the interpleader action. *Abex Corporation v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984).

Accordingly, it is hereby ORDERED that the Motion to withdraw reference and to consolidate Civ. No. 87–515 is hereby GRANTED. It is further ORDERED that the Motion for Order That the Interpleaded Funds be Paid to the United States is GRANTED, and the Motion for Order to Direct Intervenor, First Interstate Bank of Hawaii, to Pay Over to Gary Altman Attorney, Trustee, Interpleaded Funds is DENIED. It is therefore ORDERED that the funds interpleaded by First Interstate and deposited with the court be disbursed to the United States.