**In re Ray Dallas PAUL and Melody Ann Paul dba Cool Exxon, Debtors.**

**Ray Dallas PAUL and Melody Ann Paul, Plaintiffs,**

v.

**STATE BOARD OF EQUALIZATION, Defendant.**

Bankruptcy No. 287–07122–A–13.

Adv. No. 288–0030.

United States Bankruptcy Court, E.D. California.

May 12, 1988.

John A. Tosney, Sacramento, Cal., for debtors.

John K. Van de Kamp, Atty. Gen., State of Cal., Robert F. Tyler, Supervising Deputy Atty. Gen., Robert D. Milam, Deputy Atty. Gen., Sacramento, Cal., for defendant, State Bd. of Equalization.

MEMORANDUM OPINION
AND DECISION

LOREN S. DAHL, Chief Judge.

FACTS

Prior to the filing of their chapter 13 petition, Ray D. and Melody A. Paul had two bank accounts, one established at Placer Savings and Loan and the other at the Bank of Alex Brown. On December 8, 1987, the California State Board of Equalization (Board) served notices of levy on the two banks pursuant to Cal.Rev. & Tax Code sec. 6703.[1] Shortly thereafter, on

---

**1.** Cal.Rev. & Tax Code sec. 6703 provides in part,

(a) [s]ubject to the limitations in subdivisions (b) and (c), the board may by notice of levy, served personally or by first-class mail, require

December 10, 1987, the Pauls filed a chapter 13 petition. In their proposed plan filed with the court on January 8, 1988, the debtors list the Board as a creditor with a claim for $13,000.

The debtors' attorney informed the Board and the two banks of the bankruptcy filing and demanded that they return the money that had been levied upon to the debtors. The Board has refused to authorize that the funds be returned to the debtors. In compliance with the debtors' demand, the Bank of Alex Brown sent the debtors' attorney a cashiers check in the amount of $535, the amount levied upon. Placer Savings & Loan, however, claims that it is a mere stakeholder in the dispute, and has entered into a stipulation with the debtor and the chapter 13 trustee to turnover the approximate $5,500 of account funds to the trustee. The $5,500 is presently being held by the trustee in a blocked, interest bearing account pending resolution of this dispute.

On January 29, 1988, the debtors filed a complaint against the Board for turnover of property. The present matter before the court is the debtors' motion for summary judgment. The debtors argue that the $5,500 which is the subject of the Board's notice of levy is property of the estate and, therefore, the Board must turnover the money to the debtors or the trustee to be used in the debtors' plan. The Board strongly opposes the motion for summary judgment and argues that the $5,500 is not property of the debtors' estate.

## DISCUSSION

11 U.S.C. sec. 541(a)(1) provides,

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. sec. 541 is very broad and includes any property recovered by the trustee under sec. 542.[2] *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205, 103 S.Ct. 2309, 2314, 76 L.Ed.2d 515, 522 (1983); 4 *Collier on Bankr.,* para. 541.01 at 541–5 (15th ed. 1988). The Ninth Circuit Court of Appeals in *In re Farmers Markets, Inc.,* 792 F.2d 1400 (9th Cir.1986) discussed the scope of property of the estate and held,

[sec. 541(a)] merely defines what interests of the debtor are transferred to the estate. It does not address the threshold questions of the existence and scope of the debtor's interest in a given asset. Under both the Act and the Code, we resolve those questions by reference to nonbankruptcy law. 792 F.2d at 1402.

*See also* 4 *Collier on Bankr.,* para. 541.02 at 541–10–11.

With these basic precepts in mind, the question before the court is whether or not, under applicable state law, the debtors had an interest in the $5,500 at the time their chapter 13 petition was filed.

Cal.Rev. & Tax Code sec. 6757(a) provides that a perfected and enforceable state tax lien arises whenever any person fails to pay the taxes imposed by the sales and use tax laws of the state. The notice of levy procedure found at Cal.Rev. & Tax Code sec. 6703 is just one of the methods that the Board has to collect the delinquent taxes.

all persons having in their possession, or under their control, any credits or other personal property belonging to a retailer or other person liable for any amount under this part to withhold from such credits or other personal property the amount of any tax, interest, or penalties due from such retailer or other person, or the amount of any liability incurred by them under this part, and to transmit the amount withheld to the board at such times as it may designate.

**2.** 11 U.S.C. sec. 542(a) states,

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

In contrast to the notice of levy, the Board may use the seizure and sale remedy found at Cal.Rev. & Tax Code sec. 6796 et seq. These sections provide for the sale of a delinquent taxpayer's real or personal property at a public auction with the sales proceeds to be applied to the delinquent taxes. Under sec. 6797 the notice of sale must contain a statement that "unless the amount due, interest, penalties, and costs are paid on or before the time fixed in the notice for the sale ... the property ... will be sold." Finally, sec. 6798 provides,

> [a]t the sale the board shall sell the property in accordance with law and the notice and shall deliver to the purchaser a bill of sale for the personal property and a deed for any real property sold. The bill of sale or deed vests the interest or title of the person liable for the amount in the purchaser. The unsold portion of any property seized may be left at the place of sale at the risk of the person liable for the amount.

Unlike the notice of levy sections, the seizure and sale sections of the Revenue & Tax Code state that the debtor has an interest in the property seized. The debtor may pay the delinquent taxes in time to prevent the sale of property, and, title to the property does not pass from the debtor until a bill of sale or deed is delivered to the purchaser. In contrast to the seizure and sale sections, sec. 6703 is devoid of any language which provides that the debtor retains any rights to the property subject to the notice of levy.[3] It is apparent that the California legislature can delineate, when it so chooses, the point at which a delinquent taxpayer no longer has an interest in property levied upon or seized.

The debtors argue that the Supreme Court's decision in *United States v. Whiting Pools* mandates that this court must grant their motion for summary judgment and order the Board to turnover the money to them. The debtor's reliance on *Whiting Pools* is inapposite.

In *Whiting Pools* the I.R.S. had seized Whiting's personal property the day before it filed a chapter 11 petition. The Supreme Court stated that the I.R.S., by virtue of its tax lien, had a secured claim. 462 U.S. at 202, 103 S.Ct. at 2312, 76 L.Ed.2d at 520. The Court held, however, that the I.R.S. must turnover the seized property to the debtor in possession and reasoned that 11 U.S.C. sec. 542(a) does not require the debtor to have a possessory interest in the property at the time of the bankruptcy filing. 462 U.S. at 205, 103 S.Ct. at 2313–14, 76 L.Ed.2d at 522. The Court recognized a possible exception to this rule when it stated,

> [o]f course, if a tax levy or seizure transfers to the IRS ownership of the property seized, sec. 542(a) may not apply. The enforcement provisions of the Internal Revenue Code of 1954, 26 USC secs. 6321–6326, do grant to the Service powers to enforce its tax liens that are greater than those possessed by private creditors under state law. But those provisions do not transfer ownership of the property to the IRS. (citations omitted). 462 U.S. at 209, 103 S.Ct. at 2316, 76 L.Ed.2d at 525.

*Whiting Pools* does not support the debtors' position in the present case because, as

---

3. The following sentence was added to Cal.Rev. & Tax Code sec. 6703 in 1987 and effective as of January 1, 1988, "[t]he notice of levy shall have the same effect as a levy pursuant to a writ of execution." Cal.Civ.Proc.Code sec. 700.140 states the procedure for levy pursuant to a writ of execution on a judgment debtor's deposit account. During the time that the execution lien is in effect, the financial institution cannot honor any checks or requests for the withdrawal of money from the account which will reduce the amount in that account to less than the amount levied upon. Cal.Civ.Proc.Code sec. 700.140(c). The execution lien in such a case reaches only those amounts in the deposit account at the time the writ of execution and notice of levy are served on the financial institution. In such a case, it is doubtful that a judgment debtor would have any interest in the amounts in the deposit account which are the subject of the levy.

Although the amendment to Cal.Rev. & Tax Code sec. 6703 does not apply in the instant facts, a subsequent amendment and its legislative history, although not controlling, is entitled to substantial weight. *In re Adams,* 761 F.2d 1422, 1426 (9th Cir.1985); *May Department Stores v. Smith,* 572 F.2d 1275, 1278 (8th Cir. 1978), *cert. denied,* 439 U.S. 837, 99 S.Ct. 122, 58 L.Ed.2d 134 (1978).

discussed above, Cal.Rev. & Tax Code sec. 6703, which provides for a notice of levy, does not give the delinquent taxpayer a remaining interest in the property levied upon unlike the seizure and sale sections found at secs. 6796 et seq. The present case, is the exception to 11 U.S.C. sec. 542(a) that the Supreme Court envisioned.

The debtor strongly argues that *In re Cross Electric Company, Inc.*, 664 F.2d 1218 (4th Cir.1981) has been overruled by *Whiting Pools.* This court disagrees. The Fourth Circuit in *Cross Electric* held that the I.R.S. did not have to turnover to the debtor accounts receivable levied upon prior to the bankruptcy filing. The court reasoned that although the debtor retained the right to redeem the property even after the levy, the trustee did not indicate an intent to redeem. 664 F.2d at 1221. The court also noted that it would be incredible that the trustee would pay $40,000 in order to redeem an account of approximately $5,500. *Id.*

If *Cross Electric* has been overruled as the debtor contends, the court must ask why other courts have relied upon *Cross Electric* and its reasoning even after *Whiting Pools. See Altman v. Commissioner of Internal Revenue Service*, 83 B.R. 35 (D.Hawaii 1988); *In re McLean Trucking Co.*, 74 B.R. 820 (Bankr.W.D.N.C.1987); *In re Professional Technical Services*, 71 B.R. 946 (Bankr.E.D.Mo.1987).

This court finds that *Cross Electric* has continuing vitality and must be distinguished from *Whiting Pools. Cross Electric* involved an I.R.S. levy upon cash where the amount of taxes owed exceeded the amount levied upon. As noted by the court in *In re Professional Technical Services,* the redemption and surplus rights of saleable property have no application to cash or its equivalent such as a bank account or accounts receivable. *Whiting Pools* involved an I.R.S. seizure of personal property where the value of the property exceeded the amount of taxes owed. The facts presently before the court more closely mirror those found in *Cross Electric.*

This court is aware that case law after *Whiting Pools* has not been consistent.

*Compare In re Cleveland Graphic Reproduction, Inc.*, 78 B.R. 819 (Bankr.D. Ohio 1987); *In re Davis*, 35 B.R. 795 (Bankr.W.D.Wash.1983); *In re Dunne Trucking Co.*, 32 B.R. 182 (Bankr.N.D.Iowa 1983) *with Altman* 83 B.R. 35; *In re Professional Technical Services*, 71 B.R. 946. The courts in *Cleveland Graphic Reproduction, Davis,* and *Dunne Trucking* found that the debtors retained a sufficient interest in bank accounts and accounts receivables which had been levied upon by the I.R.S. Thus, the courts required the I.R.S. to turnover the money to the debtors. A close reading of those cases, however, reveals that the courts did not identify the exact interest retained by the debtor. As stated at the beginning of this discussion, a court must first find that a debtor has an interest in property according to applicable nonbankruptcy law. This determination is a crucial prerequisite before the court determines if the interest is property of the estate. *See In re Farmers Market*, 792 F.2d at 1402.

## CONCLUSION

Although no genuine issues of material fact exist, the debtors are not entitled to summary judgment as a matter of law.

The court finds that the notice of levy served upon the two banks prior to the filing of the debtors' chapter 13 petition transferred ownership of the funds to the Board. Cal.Rev. & Tax Code sec. 6703, unlike secs. 6796 et seq, does not provide that the debtors retain an interest in the money levied upon. *Whiting Pools* is distinguishable from the present case. As the money is not property of the estate, the motion must be denied.

This memorandum opinion and decision shall constitute findings of fact and conclusions of law. Counsel for the Board shall prepare and submit a judgment consistent with this opinion.