In re WEST AIRE, INC., a Nevada Corporation, d/b/a West Aire Refrigeration Company, Debtor in Possession.

WEST AIRE, INC., a Nevada Corporation, d/b/a West Aire Refrigeration Company, Plaintiff,

v.

UNITED STATES of America and Pioneer Citizens Bank of Nevada, a Nevada Corporation, Defendants.

Bankruptcy No. BK–S–89–2585–RCJ.
Adv. No. 89–0154.

United States Bankruptcy Court,
D. Nevada.

Feb. 28, 1991.

Leland E. Lutfy, U.S. Atty., Las Vegas, Nev., Mark G. Fraase, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., for U.S.

David Tanner, Michael K. McBeath, Bolick, McBeath & Tanner, Las Vegas, Nev., for West Aire, Inc.

James Patrick Shea, Gordon & Silver, Ltd., Las Vegas, Nev.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Chief Judge.

### BACKGROUND FACTS

Plaintiff West Aire, Inc. is indebted to the Internal Revenue Service ("IRS") for unpaid employment taxes. In an effort to collect the unpaid taxes, the IRS served a notice of levy on Pioneer Citizens Bank of Nevada ("PCB"). The property levied

against consists of two bank accounts plaintiff has with PCB, the first in the amount of $4,035.61 and the second in the amount of $2,610.41.

Upon receipt of notice of levy, PCB notified plaintiff that it intended to surrender the funds in its accounts to the IRS. In an attempt to prevent surrender, plaintiff filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Thereafter, the IRS filed a motion for summary judgment and plaintiff filed a motion for partial summary judgment. The motions present identical questions of law: Whether the funds levied against constitute property of the estate pursuant to 11 U.S.C. § 541 and therefore subject to turnover pursuant to 11 U.S.C. § 542.

## DISCUSSION

■ The commencement of a bankruptcy case creates an estate. The estate is comprised of all legal and equitable interest of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). This includes property of the debtor that was seized by a creditor before the petition for reorganization unless the seizure operates to transfer ownership, leaving the debtor with no interest in the property. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Accordingly, the issue to be decided is whether the Notice of Levy served by the IRS on PCB prior to the filing of the petition for reorganization acted to terminate plaintiff's ownership interests in the bank accounts and remove such property from the Chapter 11 estate.

■ The authority of the IRS to levy and seize a delinquent taxpayer's property is contained in 26 U.S.C. §§ 6331 and 6332. Pursuant to § 6332(c), banks do not surrender bank deposits to the Internal Revenue Service pursuant to a levy until 21 days after service of the levy. While the immediate use of the funds is restricted, the taxpayer otherwise retains the benefits and burdens of ownership in the funds. Upon the filing of the petition in bankruptcy, these valuable procedural rights become a part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). *See Whiting Pools*, 462 U.S. at 207, 103 S.Ct. at 2314–15. However, in order to preserve these valuable procedural rights, debtor must provide the IRS adequate protection in exchange for the use of the funds. *Id.* Accordingly, the IRS's Motion for Summary Judgment is DENIED and plaintiff's Motion for Partial Summary Judgment is GRANTED.