In the Matter of FLYNN'S SPEEDY PRINTING, INC., d/b/a Ransom Printing, Debtor.

FLYNN'S SPEEDY PRINTING, INC., d/b/a Ransom Printing, Plaintiff,

v.

SOUTHTRUST BANK OF PINELLAS COUNTY and United States of America, Defendants.

Bankruptcy No. 91–12615–8B1.
Adv. No. 91–652.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 27, 1992.

**300**

B. Gray Gibbs, for debtor.

Bruce T. Russell, for U.S.

U.S. Trustee, Robert Coley.

Lee H. Rightmyer, for Southtrust Bank of Pinellas County.

### ORDER GRANTING EMERGENCY MOTION TO COMPEL TURNOVER OF PROPERTY

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Emergency Motion to Compel Turnover of Property filed by Debtor. The Court, having heard the argument of counsel and having reviewed the Motion, the record, and the memoranda filed by counsel, finds the relevant facts as follows:

Flynn's Speedy Printing, Inc., d/b/a Ransom Printing (Debtor), was indebted to the United States Internal Revenue Service (IRS) for unpaid trust fund taxes. On October 1, 1991, the IRS levied on Debtor's demand account at Southtrust Bank of Pinellas County (Southtrust).

On October 3, 1991, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C.) as well as a Complaint to Compel Turnover of Property, which initiated this adversary proceeding, and an Emergency Motion to Compel Turnover of Property. On that same date, Debtor demanded Southtrust pay over to Debtor the funds in Debtor's account, but Southtrust refused to accede to Debtor's demand due to the levy served by the IRS.

The sole issue for consideration is whether the funds levied on constitute property of the estate and, thus, are subject to turnover.

■ Upon the filing of a petition for relief, a bankruptcy estate is created. 11 U.S.C. §§ 301, 541. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. The seminal case determining what constitutes property of the estate when there has been a prepetition levy by the IRS is, of course, *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In *Whiting Pools*, the Supreme Court held that a Chapter 11 debtor's reorganization estate includes property of the debtor that has been seized by a creditor prior to the debtor's filing of a petition for relief under the Bankruptcy Code. *Whiting Pools*, 462 U.S. at 209, 103 S.Ct. at 2315. The Court further held that the enforcement provisions of the Internal Revenue Code do not transfer ownership of the debtor's property to the IRS. *Whiting Pools*, 462 U.S. at 209–210, 103 S.Ct. at 2315–2316.[1]

---

1. In *Whiting Pools* the Supreme Court disavowed the dictum in *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), that a levy gives the IRS full legal right to the property levied upon. *Whiting Pools*, 462 U.S. at 210 n. 18, 103 S.Ct. at 2316 n. 18. Moreover, *Phelps* is inapplicable to a reorganization proceeding such as the instant case. *Whiting Pools*, 462 U.S. at 206 n. 13, 103 S.Ct. at 2316 n. 13.

Finally, the decision in *Phelps* turned on the distinction between summary and plenary jurisdiction under the old Bankruptcy Act, a concept of no relevance under the current Bankruptcy Code. *Whiting Pools*, 462 U.S. at 206 n. 13, 103 S.Ct. at 2316 n. 13. *See also Kirk v. United States (In re Kirk)*, 100 B.R. 85, 90 (Bankr. M.D.Fla.1989).

The IRS seeks to distinguish *Whiting Pools* since the property levied upon in *Whiting Pools* was tangible personal property whereas Debtor's property levied upon in the instant case is cash. This Court, however, has already held that intangible property, cash, and cash equivalents are all encompassed within the term "property of the estate" and no language in *Whiting Pools* would serve to restrict that decision solely to tangible personal property. *Kirk v. United States (In re Kirk)*, 100 B.R. 85 (Bankr.M.D.Fla.1989). The IRS has presented no argument to persuade this Court to retreat from its ruling in *Kirk*.

 Moreover, the Internal Revenue Code itself and the Treasury Regulations promulgated thereunder provide further support for the proposition that cash levied upon pre-petition does, indeed, become property of the debtor's estate upon the filing of a petition for relief under the Bankruptcy Code.

Section 6332(c) of the Internal Revenue Code of 1986 (26 U.S.C.) provides:

> Any bank ... shall surrender ... any deposits (including interest thereon) in such bank only after 21 days after service of levy.

The proposed Treasury Regulations under this section provide:

> To the extent that interest is accrued on the deposits and surrendered to the district director at the end of the [21–day] holding period, such interest is considered to be paid to the bank's customer and must be reported by the bank to the Internal Revenue Service as interest paid to the bank's depositor.

Prop.Treas.Reg. § 301.6332–3(c)(2), 56 Fed. Reg. 19963 (1991). It is utterly inconsistent for the IRS to contend, as it does here, that serving a notice of levy on a bank results in the immediate transfer of ownership of the funds on deposit from Debtor to the IRS while at the same time requiring Debtor to report interest accruing on the funds as income pursuant to the proposed Treasury Regulations.[2] At a minimum, Debtor has retained the benefits and burdens of ownership in the funds in the demand account at Southtrust. Thus, the funds levied upon by the IRS constitute property of Debtor's bankruptcy estate and are subject to turnover. *See also West Aire, Inc. v. United States (In re West Aire, Inc.)*, 131 B.R. 871 (Bankr.D.Nev. 1991).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Debtor's Emergency Motion to Compel Turnover of Property is granted. Other than stated herein, the Court does not determine the extent or validity of any lien or claim of the IRS.

DONE AND ORDERED.

---

**2.** At the hearing on its Emergency Motion, Debtor argued Section 6332(c) of the Internal Revenue Code was enacted specifically to put to rest any lingering vitality *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), might possess. The legislative history of Section 6332(c) is silent on this point however, and Debtor appears to have abandoned this argument on brief. At all events, the language of the statute itself, and the proposed Treasury Regulations promulgated thereunder, controls the outcome of this case.