**In re METRO PRESS, INC., Debtor.**

**METRO PRESS, INC., Plaintiff,**

**v.**

**The UNITED STATES of America, Defendant.**

**Bankruptcy No. 91–15879–WCH.
Adv. No. 91–1450.**

United States Bankruptcy Court,
D. Massachusetts.

May 8, 1992.

Angelo F. Catanzaro, Catanzaro, Effren & Herrick, P.C., Ashland, Mass., for debtor.

Leslie M. Singer, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM DECISION ON COMPLAINT FOR TURNOVER

WILLIAM C. HILLMAN, Bankruptcy Judge.

### 1. Findings of Facts

The parties do not dispute the facts. On June 18, 1991, the Internal Revenue Service ("IRS") served a Notice of Levy on Shawmut Bank to reach the funds held in Metro Press Inc.'s ("Metro") account to satisfy an outstanding tax liability. On July 11, 1991, Metro filed for relief under Chapter 11 of the U.S. Bankruptcy Code ("Code"). On July 19, 1991, the IRS received $9,836 from Shawmut Bank.

Subsequently, Metro filed this complaint seeking the turnover of the funds held by the IRS. The parties agreed that the matter would be decided on their briefs without a trial. For the reasons set forth below, the Court finds for Metro.

### 2. Conclusions of Law

Metro argues that *United States v. Whiting Pools Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), requires the IRS to turn over any of Metro's property upon which it levied pre-petition. The IRS contends that *Whiting Pools* only requires the turnover of tangible personal property and that cash seized pre-petition is not subject to a turnover action, relying in part upon *Cross Electric Co. v. United States,* 664 F.2d 1218 (4th Cir.1981). Accordingly, the issue for the Court is whether a pre-petition levy on cash is subject to turnover.

In *Whiting Pools,* the IRS had seized certain tangible personal property of the

debtor pre-petition. The Court first concluded, after a review of §§ 541 and 542 of the United States Bankruptcy Code, that "the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition." *Id.* 462 U.S. at 209, 103 S.Ct. at 2315. The Court then discussed and decided that the result is no different when the creditor is the IRS. It concluded that the IRS was entitled to adequate protection but otherwise was required to follow "congressionally established bankruptcy procedures, rather than by withholding the seized property from the debtor's efforts to reorganize." *Id.* 462 U.S. at 212, 103 S.Ct. at 2317.

Notwithstanding the comprehensive language of the decision, the cases are in disarray.

One line of cases holds that *Whiting Pools* is controlling because the nature of the property was not determinative of the outcome. *United States v. Challenge Air Int'l Inc. (In re Challenge Air)*, 952 F.2d 384 (11th Cir.1992); *Flynn's Speedy Printing Inc. v. Southtrust Bank (In re Flynn's Speedy Printing)*, 136 B.R. 299 (Bankr.M.D.Fla.1992); *In re Cleveland Graphic Reproduction Inc.*, 78 B.R. 819 (Bankr.N.D.Ohio 1987); *In re AIC Industries Inc.*, 83 B.R. 774 (Bankr.D.Colo.1988); *In re Davis*, 35 B.R. 795 (Bankr.W.D.Wash. 1983). *In re Dunne Trucking Co.*, 32 B.R. 182 (Bankr.N.D.Iowa 1983).

Another line holds that *Whiting Pools* is inapplicable because a levy on cash, unlike personal property, divests the debtor of any further interest. *Brown v. Evanston Bank (In re Brown)*, 126 B.R. 767 (N.D.Ill. 1991); *Rose v. Commercial National Bank (In re Rose)*, 112 B.R. 12 (Bankr.E.D.Texas 1989); *In re Professional Technical Services Inc.*, 71 B.R. 946 (Bankr.E.D.Mo.1987); *In re Paul*, 85 B.R. 850 (Bankr.E.D.Cal.1988).

The Court is persuaded by the reasoning of the Eleventh Circuit Court of Appeals in *United States v. Challenge Air Int'l Inc. (In re Challenge Air)*, 952 F.2d 384 (11th Cir.1992). It considered the exact arguments that the IRS presents in this case.

First of all, the court stated that *Cross Electric supra.* which held that accounts receivable seized were not subject to turnover, was no longer valid because the Supreme Court granted certiorari in *Whiting Pools* to resolve the conflict between *United States v. Whiting Pools*, 674 F.2d 144 (2nd Cir.1982) and *Cross. Id.* 952 F.2d at 386–387. Secondly, it held that the type of property was irrelevant in *Whiting Pools. Id.* It points out that, contrary to how the IRS would construe *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), constructive possession pursuant to a levy does not determine ownership rather it protects the government while claims are being decided. *Id.* Lastly, the court found that *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975) is inapplicable because bankruptcy court jurisdiction no longer depends on the debtor's possessory interest and because the case involved liquidation rather than reorganization. *Id.* The Court found no merit in the argument that the debtor could not seek turnover because it held bare legal title. It held that *Whiting Pools* mandated the turnover of cash.

This Court agrees with the conclusions set forth in *Challenge Air.* It finds that the cash at issue was property of the estate and is subject to turnover.

Notwithstanding this conclusion, the IRS is entitled to adequate protection under 11 U.S.C. 363(e). *In re Dunne Trucking Co.*, 32 B.R. 182 (Bankr.N.D.Iowa 1983). Metro states that it is able to offer the IRS such protection and the IRS states that the offer was insufficient. Accordingly, the Court will schedule a hearing to determine whether Metro can provide the IRS with adequate protection.