In re Lauraanne GIAIMO, Debtor.

Lauraanne GIAIMO, Appellant,

v.

UNITED STATES, Appellee.

No. 4:95CV854 CDP.

United States District Court,
E.D. Missouri,
Eastern Division.

July 31, 1996.

Jeffrey A. Dickstein, Tulsa, OK, for Lauraanne Giaimo.

Edward L. Dowd, Jr., U.S. Attorney, Office of the U.S. Attorney, St. Louis, MO, Tamera Fine, U.S. Dept. of Justice, Office of Special Litigation, Tax Division, Washington, DC, Thomas C. Pliske, Internal Revenue Service, District Counsel's Office, St. Louis, MO, Janet Reno, U.S. Attorney General, U.S. Dept. of Justice, Security Management Division, Washington, DC, for U.S.

James S. Cole, Jr., Trustee, Riezman & Blitz, St. Louis, MO.

Peter Lumaghi, Trustee, U.S. Dept. of Justice, Office of Trustee, St. Louis, MO.

## ORDER

PERRY, District Judge.

This matter is before the Court on the motion to alter or amend the judgment filed by the United States of America. Neither the debtor, Lauraanne Giaimo, nor the Trustee has responded to the motion to alter or amend.

The government makes two arguments in support of its motion to alter or amend the judgment. First, it argues that because the bankruptcy case was converted to a Chapter 7 proceeding on the same day this Court entered its judgment, the reason for the Court's decision no longer applies. Second, it argues that the Court misinterpreted the law. The Court disagrees with the government on the second argument, but finds the factual change in the circumstances to be compelling, and will grant the motion to alter or amend the judgment because of that change in circumstances.

The same day.that this Court entered its judgment reversing the Bankruptcy Court's decision, the Bankruptcy Court converted the Chapter 11 proceeding to one under Chapter 7. Given this set of circumstances, the Court agrees that turnover is no longer in the interest of the estate because the estate would have to pay adequate protection to the Internal Revenue Service in order to obtain possession of the funds in dispute and would then be required to distribute them again. For that reason, the Court will vacate the judgment previously entered and will enter a new judgment affirming the Bankruptcy Court's finding that the $14,198.18 in the debtor's bank account was not properly included in the bankruptcy estate and will affirm the Bankruptcy Court's order requiring the bank to pay the funds to the IRS.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to alter or amend the judgment [# 18–1, # 18–2] filed by the United States is granted, and the judgment entered by this Court on April 4, 1996 is **HEREBY VACATED.**

An Amended Judgment in accordance with this order is entered this same date.