**In re Earl & Marilyn HUNTER.**

**Earl and Marilyn HUNTER, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 95–50697 S.**
**Adv. No. 95–5018.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 3, 1996.

Keith Grayson, N. Little Rock, AR, for Plaintiffs/Debtors.

Raymond Mulera, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

David D. Coop, Chapter 13 Trustee.

*ORDER*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Joint Stipulation of Facts and Issues filed by the debtors and the United States of America.

The debtors owe over $100,000 in federal income taxes. In collection of this debt, on October 3, 1995, the Internal Revenue Service ("IRS") served a Notice of Levy on Boatmen's National Bank of Pine Bluff. On October 25, 1995, the bank delivered $1,862 to the IRS pursuant to that levy. In the meantime, on October 20, 1996, the debtors filed a Chapter 13 petition in bankruptcy. The debtors filed this adversary proceeding on November 30, 1995, seeking turnover of the funds obtained by the IRS and requesting sanctions for violation of the automatic stay. The issue in this case is whether the $1,862 was property of the estate under 11 U.S.C. § 541(a), when the case was filed, *i.e.*, whether the Notice of Levy extinguished the debtors' rights to the funds. If the debtors retained an interest in the funds, the Court must determine whether a wilful violation of the automatic stay occurred justifying the imposition of sanctions.[1]

■ Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). In enacting Section 541 of the Bankruptcy Code, Congress intended to define property of the bankruptcy estate as broadly as possible, consistent with the desire to give a debtor a meaningful opportunity to reorganize and obtain a fresh start. However, the filing of a bankruptcy does not afford the debtor an interest in the property beyond that provided for by contract between the parties, state law, or those specifically provided for by federal law. L. King, *Collier on Bankruptcy*, ¶ 541.07[1] at 541–30 (15th ed. 1995). The debtor-in-possession (and the estate) inure to whatever

rights the debtor would have outside of bankruptcy.

■ In the instant case, on October 3, 1995, when the IRS served its notice of levy, the IRS effected a seizure of the debtors' property. Were that property a tangible asset, it is clear that the debtor would have sufficient rights in the property to make that asset property of the estate. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). However, with regard to intangible property, *i.e.*, cash, there is a split among the courts as to whether cash seized by an Internal Revenue Service levy prior to the filing of a petition in bankruptcy is property of the estate. *Compare Professional Technical Services v. Internal Revenue Service (In re Professional Technical Services),* 71 B.R. 946 (Bankr. E.D.Mo.1987), *rev'd on other grounds,* 1987 WL 47833 (E.D.Mo. Oct. 15, 1987) (debtor retained no legal rights in seized property such that turnover would not be required); *In re Sigmund London, Inc.,* 139 B.R. 765 (Bankr.E.D.N.Y.1992), with *In re Wolensky's Ltd. Partnership,* 163 B.R. 629 (Bankr. D.D.C.1994) (constructive possession does not determine ownership); *Boutilier v. United States,* 196 B.R. 323 (Bankr.W.D.Va.1996); *Metro Press Inc. v. United States,* 139 B.R. 763 (Bankr.D.Mass.1992).

■ Prior to 1990, neither the Bankruptcy Code nor the Internal Revenue Code and the Treasury Regulations gave the courts any guidance on this issue, thereby generating a fairly even split among the courts to decide the issue. In 1990, however, Congress amended the Internal Revenue Code to require a 21 day waiting period prior to turnover of funds to the Internal Revenue Service. Apparently, this period was intended to give debtors an opportunity to seek review within the Internal Revenue Service. While neither the statute nor the Treasury Regulations provide for any *expansion* of rights of

---

1. Included as damages would be the insufficient funds fee charged by the bank when check number 1214 was returned.

the taxpayer,[2] the regulations clarify that the debtor does have an interest in property because interest accruing on the deposit *after the levy* is not only subject to the levy, it is "treated as a payment to the bank's customer," *i.e.*, apparently it is not only credited to the delinquent account, but is also treated as income to the debtor taxpayer. 26 C.F.R. § 301.6332–3(c)(2). *See Flynn's Speedy Printing, Inc. v. Southtrust Bank of Pinellas County (In re Flynn's Speedy Printing, Inc.)*, 136 B.R. 299 (Bankr.M.D.Fla.1992).

■ The Court has reviewed the briefs of the parties, the relevant case law, and, upon consideration, finds that the concept of property of the estate, 11 U.S.C. § 541 and the authority of *Whiting Pools* require that where, as here, the Internal Revenue Service levies upon cash, prior to the time of the filing of the bankruptcy, but is not entitled to transfer of that cash until after the time of the filing of the bankruptcy, the cash is property of the estate. In so ruling, the Court follows the reasoning in *Giaimo v. United States*, 194 B.R. 210 (E.D.Mo.1996).[3] This is not to say, however, that the funds are necessarily subject to turnover. *Whiting Pools* reserved to the creditor the right to adequate protection, an issue for which, it appears, hearing may need to be held.

■ The debtor has also requested that the Internal Revenue Service be held in contempt for its failure to turnover the funds. In light of the existence of well-reasoned authority supporting the Internal Revenue Service position that the funds were not property of the estate[4] and the right to adequate protection, the Court finds that there was no wilful violation of the automatic stay such that no damages or sanctions are merited. *See In re Young*, 193 B.R. 620 (Bankr.D.D.C.1996) (creditor not subject to stay sanctions for exercising control over estate property pending resolution of adequate protection issue).

**ORDERED** hearing shall be conducted on the issue of whether the Internal Revenue Service is entitled to adequate protection on December 17, 1996, at 9:30 a.m. at the U.S. Post Office and Courthouse, located at 100 E. Eighth Ave., Pine Bluff, Arkansas.

**IT IS SO ORDERED.**

---

2. For example, the regulations provide that, despite the 21–day holding period, the levy can be released only upon notification to the bank by the district director of the Internal Revenue Service and that no withdrawals may be made on the funds subject to the levy. Treas.Reg. 301.6332–3(c).

3. The Court is aware that this decision was subsequently vacated on *factual* grounds. However, in its order granting reconsideration, the district court in *Giaimo* expressly adhered to its legal analysis. *Giaimo v. United States*, slip op. No.

4:95CV854CDP, 1996 WL 716212 (E.D.Mo. Jul. 31, 1996).

4. *See, e.g., In re Smiley*, 189 B.R. 338 (Bankr. E.D.Pa.1995); *In re Ruggeri Elec. Contr.*, 185 B.R. 750 (Bankr.E.D.Mich.1995); *In re Faith Missionary Baptist Church*, 174 B.R. 454 (Bankr. E.D.Tex.1994); *Fandre v. IRS*, 167 B.R. 837 (Bankr.E.D.Tex.1994); *In re Eisenbarger*, 160 B.R. 542 (Bankr.E.D.Va.1993); *In re Abercrombie*, 156 B.R. 782 (Bankr.N.D.Tex.1993); *Silverman v. Johnson Controls, Inc. (In re Sigmund London, Inc.)*, 139 B.R. 765 (Bankr.E.D.N.Y. 1992).