DONALD RUSSELL, Circuit Judge:
 

 This case presents the issue whether an account receivable, levied upon by the Internal Revenue Service (hereafter “IRS”) prior to the date on which a debtor files a petition for reorganization, is “property of the estate” within the meaning of 11 U.S.C. § 541 and thus subject to administration in the bankruptcy proceedings. We hold that, under the facts of this case, it is not. We accordingly reverse. 11 B.R. 998 (D.C. 1981).
 

 I
 

 In 1978,1979 and 1980, the IRS filed liens against Cross Electric (hereafter “Cross”) pursuant to 26 U.S.C. § 6323 for unpaid withholding and FICA taxes.
 
 [1]
 
 By June 1980, Cross owed the IRS $43,297.15.
 
 [2]
 
 Cross had earlier performed work as a subcontractor for J. H. Fralin & Sons (hereafter “Fralin”) in 1980, generating an account receivable of approximately $5,672.65.
 
 [3]
 
 On August 21, 1980, the IRS, pursuant to 26 U.S.C. § 6331, levied upon the account receivable owed by Fralin to Cross. The effect of that levy was to require Fralin to pay the account to the IRS instead of to Cross.
 

 Oh September 18,1980, Cross filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101
 
 et seq.
 
 (1978). In accordance with the bankruptcy laws, an estate comprised of all of the assets of Cross was created. The bankruptcy court, through an order, constituted Cross as a “debtor in possession,” thereby permitting it to use those assets to operate its business during reorganization in accordance with 11 U.S.C. § 1107(a).
 
 [4]
 

 
 *1220
 
 On September 25, 1980, Cross moved the bankruptcy court, pursuant to 11 U.S.C. § 542,
 
 [5]
 
 for an order requiring Fralin to turn over to it the amounts owed in payment for the work done by it for Fralin. The IRS interposed an objection, arguing that under § 542, only “property of the estate” is to be turned over to a debtor and that since the IRS had levied upon the account receivable owed Cross by Fralin prior to the filing of the petition for reorganization by Cross, this account receivable never became property of the estate, and was payable to the IRS by virtue of its prior levy.
 

 On October 3, 1980, the bankruptcy court issued an order “dissolving” the IRS’s levy and instructing Fralin to turn over the account receivable to Cross.
 
 [6]
 
 In November 1980, the district court affirmed the decision of the bankruptcy court, and it is from this judgment that the IRS has appealed to this Court.
 

 II
 

 With the filing of a bankruptcy petition, all property of the debtor, wherever located, and even though the debtor be out of the immediate possession thereof, is required by Sections 541 and 542 of the Bankruptcy Code to be “deliver[ed] to the trustee... . ” These Sections, however, do not “expand the debtor’s rights against others more than they exist[ed] at the commencement of the case”;
 
 [7]
 
 they simply transfer to the debtor the debtor’s interests in property as it existed at the time of the commencement of the bankruptcy proceedings and if those interests were limited at that time, the trustee’s rights to possession are similarly limited. 4 Collier on
 
 Bankruptcy,
 
 ¶ 541.01, pp. 541-5 — 541-7 (15th ed. 1979). Before any petition in bankruptcy was filed herein, the IRS had made a legal levy upon the Fralin account. That levy operated as “virtually a transfer to the government of the indebtedness.”
 
 United States v. Eiland,
 
 223 F.2d 118, 121-22 (4th Cir. 1955); see
 
 also Matter of Pittsburgh Penquins Partners,
 
 598 F.2d 1299, 1302 (3d Cir. 1979). It is true, the debtor, even after the levy, retained the right to redeem the property by paying “the amount due, together with the expensé of the proceeding, if any, to the Secretary,” and, after sale, had a right to receive any surplus remain
 
 *1221
 
 ing after payment of the amount of the levy with costs. These rights are expressly given by provisions of the Internal Revenue Code of 1954.
 
 [8]
 
 But that right to redeem requires the debtor, and, after bankruptcy, its trustee, to pay the tax which was the subject of the levy, with costs, and, absent such payment, neither the debtor nor its trustee has any right to the possession of the property, in this case, an account receivable or a right to demand payment to them of such account. The trustee in this case has indicated no intention to redeem; in fact, it would be incredible that he would pay a tax of over $40,000 in order to redeem an account of approximately $5,500 (or $10,-000, as Cross contends the account actually is). Neither is there any possible likelihood of any surplus arising out of the sale or liquidation of the account levied upon. Since it is thus plain that the trustee is in no position to exercise any of the limited rights it may have to redeem the property levied upon there was no authority in the bankruptcy court to “dissolve” the IRS levy or to order the delivery of the account levied upon by the IRS to the trustee and the Government is entitled to collect the account pursuant to its levy.
 

 Accordingly the judgment of the district court is
 

 REVERSED.
 

 [1]
 

 . 26 U.S.C. § 6323 relates to the validity and priority of the liens imposed by the IRS against “certain persons.”
 
 (See
 
 title of Section.) The actual provision of law authorizing tax liens is 26 U.S.C. § 6321;
 
 see also
 
 26 U.S.C. § 6331.
 

 [2]
 

 . This amount was not contested by Cross.
 

 [3]
 

 . Cross, however, claimed that the sum due by Fralin was closer to $10,000.
 

 The levy at issue here was only one of a series made by the IRS against Cross’s accounts receivable. Cross has made similar challenges and obtained similar relief from the bankruptcy court in two other cases concerning two other levies.
 
 See Cross Electric Co., Inc. v. United States,
 
 B.Ct. (W.D.Va.No. 7-80-0259),
 
 aff’d.
 
 by the district court (W.D.Va.No. 81-0028, March 6, 1981);
 
 Cross Electric Co., Inc. v. United States,
 
 B.Ct. (W.D.Va. No. 7-81-0093, March 18, 1981), currently on appeal to the district court (W.D.Va.).
 

 [4]
 

 .11 U.S.C. § 1107(a) (1978) provides:
 

 Subject to any limitations on a trustee under this chapter [11 U.S.C. §§ 1101,
 
 et seq.]
 
 and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title [11 U.S.C. § 330], and powers, and shall perform all the functions and duties, except the duties specified in section 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.
 

 [5]
 

 . 11 U.S.C. § 542 (1978) provides in relevant part:
 

 (a) Except as provided in subsection (c) or (d) of this section, an entity other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
 

 (b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.
 

 (c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debt- or had not been commenced.
 

 (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor’s property or financial affairs, to disclose such recorded information to the trustee.
 

 [6]
 

 . In its order, the bankruptcy court also provided that
 

 the IRS shall have a continuing lien and secured claim upon all collateral owned by the Debtor [Cross] or hereafter acquired to the extent of the amount of funds payable from Fralin to the Debtor, which secured position is hereby adjudged adequate protection for the lien rights of the IRS upon the levy in question.
 

 [7]
 

 .
 
 See,
 
 H.R.Rep.No.95-595, U.S.Code Cong. & Admin.News 1978, p. 5787.
 

 [8]
 

 . 26 U.S.C. § 6337.