**In re BAM PARTNERSHIP, A Tennessee General Partnership, Debtor-in-Possession.**

**Bankruptcy No. 83–21182.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

April 29, 1983.

Thaddeus S. Rodda, Jr., Richard T. Doughtie, III, Memphis, Tenn., for debtor-in-possession.

Robert M. Williams, Jr., Asst. U.S. Atty., Memphis, Tenn., for I.R.S.

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

The debtor-in-possession in this case filed a Chapter 11 Petition on April 7, 1983, and an Application to Clarify § 362 Stay and for Expedited Hearing on April 18, 1983. The debtor requests that the Court enjoin the Internal Revenue Service from collecting future rents that the I.R.S. had levied on prior to the filing of the Chapter 11 Petition.

The partners of BAM Partnership are Billy Gwinn Mitchell and his two sisters, Mary Jane Query and Alma Jean Williams. The assets of the debtor mainly are properties inherited by the above-named partners from their deceased parents. The partners' father, H.S. Mitchell, died in 1972, and their mother, Alma Mitchell, died in 1976. The estates of the decedent parents are still open and pending in Probate Court. Estate taxes in the amount of $520,000 are presently owed to the I.R.S., and withholding taxes in amount of $60,000 are presently owed by the debtor to I.R.S.

The deceased parents had leased certain commercial properties to a number of individuals, and the I.R.S. prior to the filing of the Chapter 11 Petition, filed notices of levy on these individual lessees for the rents due. The debtor receives approximately $10,000 per month in rent from the lessees.

The debtor contends that the automatic stay provisions under 11 U.S.C. § 362 enjoin the debtors from proceeding with the collection of the rent. The I.R.S. argues that the rental payments are not property of the estate and, in the alternative, that if the rental payments are property of the estate, then the automatic stay provisions of the Bankruptcy Code still do not apply because the rental payments are in the nature of intangible personal property, contract rights or choses in action.

The debtor is not seeking the recovery of prepetition rents collected by the I.R.S. and concedes that the I.R.S. is entitled to those rental payments collected. The debtor is seeking immediate relief to stay post-petition collection of the rents by the I.R.S.

The general rule is that rent which is due at the time of death of the lessor passes to his executor or administrator for administration as an asset of the decedent's estate, while rent which becomes due after that time becomes property of the heirs or devisees who are entitled to the reversion, as an incident thereof. 49 Am.Jur.2d, *Landlord and Tenant*, § 550 (1970).

The Tennessee Supreme Court in 1931 in *Schmid v. Baum's Home of Flowers*, 162 Tenn. 439, 37 S.W.2d 105, 75 A.L.R. 261 (1931) stated the following in regard to rent due after the death of a lessor:

Rent accruing to the lessor of real estate under the terms of his lease is said to

be incident to the lessor's reversion. It is not a debt within the classification of choses in action, whether evidenced by a promissory note of the lessee or not. This right to future rents is not personal property, and upon the death of the lessor, or owner of the reversion, passes to the heirs at law with the reversion. *Combs v. Combs,* 131 Tenn. 66, 173 S.W. 441. Rent is said to be "one of the ten principal incorporeal hereditaments known to the ancient English law." 50 Corpus Juris, p. 758, citing Blackstone Comm., 21.

It is, however, universally recognized that rent is severable from the reversion and that the owner of the reversion may effect this severance by granting or transferring the rent to another.

■ In the present case the reversionary interests in the property, and therefore the right to the rental payments, were transferred from the decedents to the partners as devisees at the date of the decedents' deaths. Since the deaths occurred in 1972 and 1976 and the Chapter 11 Petition was filed in 1983, the rental payments are clearly property of the estate.

There is presently a split of authority as to whether property seized prior to the filing of a bankruptcy petition must be turned over to the estate. The Second Circuit (United States Court of Appeals) in *U.S. v. Whiting Pools,* 674 F.2d 144 (2nd Cir.1982), cert. granted, —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982), decided that the Bankruptcy Court may order the turnover of such property, while the Fourth Circuit in *U.S. v. Cross Electric Company, Inc.,* 664 F.2d 1218 (4th Cir.1981) decided that such a turnover could not be ordered.

The I.R.S. maintains that the Court should adopt the decision in *Cross Electric, supra.* In *Cross Electric* an account receivable of the debtor was subjected to a pre-petition levy of a federal tax lien. The Fourth Circuit held that the account receivable was not property of the estate because the levy operated as a virtual transfer of the debtor's property to the government and that the only right remaining to the debtor was to redeem the property by paying the tax due.

This Court, however, finds the Second Circuit's reasoning in *U.S. v. Whiting Pools, supra,* sound and more germane to such bankruptcy cases and the intention of Congress in the Bankruptcy Code. In *Whiting Pools,* the I.R.S. levied upon and seized all of the debtor's tangible property, but prior to the sale of the property, the debtor filed a Chapter 11 Petition. The Second Circuit held that the tangible property which was seized but not sold was property of the estate and subject to turnover.

Although the *Whiting Pools* decision was limited to tangible property, two Bankruptcy Courts have addressed the question of whether Bankruptcy Courts can issue a turnover order when there is a pre-petition levy on intangible property and have applied the same basic analysis of *Whiting Pools, supra,* to a levy on intangible property. In *Matter of Bristol Convalescent Home,* 12 B.R. 448 (Bkrtcy.D.Conn.,1981), the Bankruptcy Court held that monies owed a Chapter 11 debtor by the State of Connecticut were property of the estate and were subject to turnover. In a case cited by counsel for the debtor, *In re Debmar Corp.,* 21 B.R. 858 (Bkrtcy.S.D.Fla.1982), a panoptic opinion on the turnover issue, the Bankruptcy Court ruled that pre-petition levies on an account receivable and a bank account by the I.R.S. were property of the estate and should be turned over to the estate.

■ For the reasons stated in *Whiting Pools, Bristol Convalescent Home,* and *Debmar Corp.,* cases cited *supra,* the Court concludes that all the post-petition rental payments are property of the estate and thus the automatic stay provisions of 11 U.S.C. § 362 apply to enjoin the I.R.S. from further collection of the rental payments.

IT IS, THEREFORE, ORDERED that the Order RE I.R.S. Levy entered by this Court on April 28, 1983, is hereby incorporated herein by reference as a part of this Memorandum Opinion and Order.