**In re ANAHEIM ELECTRIC MOTOR, INC., Debtor.**

**Bankruptcy No. SA 91–36311 JR.**

United States Bankruptcy Court, C.D. California.

Feb. 7, 1992.

**792**

Lloyd M. Segal, Segal & Sablowsky, Carson, Cal., for debtor.

Kenneth P. Dale, Sp. Asst. U.S. Atty., Laguna Niguel, Cal., for I.R.S.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Debtor brought a motion for use of cash collateral in the form of an account receivable in which the Internal Revenue Service ("IRS") held a perfected security interest. IRS had given proper notice of levy before debtor filed its Chapter 11 petition, and asserted that the account receivable was not property of the bankruptcy estate. After a hearing on November 21, I took the matter under submission.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all

Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (M).

## STATEMENT OF FACTS

Debtor was assessed for unpaid withholding and FICA taxes by the IRS for the second and third quarters of 1990 and for the first quarter of 1991. Federal tax liens for these assessments were filed with the Orange County Recorder's Office and the California Secretary of State's office between November 1990 and July 1991.

On June 17, 1991, and July 22, 1991, IRS served notices of levy on the Los Angeles Department of Water and Power ("DWP") seeking to attach an account receivable of debtor worth approximately $30,000 (the "Receivable").

On August 2, 1991, debtor filed its Chapter 11 petition. After receiving a partial payment from debtor, IRS released all levies in excess of $29,902.30. DWP has refused to pay debtor due to IRS's outstanding levy. On October 31, debtor filed a motion asserting that the Receivable was property·of the bankruptcy estate which debtor is entitled to use pursuant to Bankruptcy Code (the "Code") § 363. IRS objected, arguing that their pre-petition levy against the Receivable transferred all of debtor's interest in the Receivable to IRS.

## DISCUSSION

The issue here is whether the IRS notice of levy upon the Receivable transferred all debtor's rights of ownership in the Receivable to IRS.

Absent the lien and levy, the Receivable is the undisputed property of the bankruptcy estate. Code § 541(a)(1) provides that the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." This provision has been interpreted broadly to include all types of property, including tangible or intangible. *United States v. Whiting*

*Pools, Inc.*, 462 U.S. 198, 205, n. 9, 103 S.Ct. 2309, 2313, n. 9, 76 L.Ed.2d 515 (1983); 4 Collier on Bankruptcy ¶ 541.01 at 541–5 (15th ed. 1988).

■ IRS's recording of its tax lien with the Orange County Recorder's Office and the California Secretary of State's office perfected an IRS security interest in the Receivable. It did not cause ownership of the Receivable to transfer to IRS. A federal tax lien is not self-executing. *United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). Affirmative action is required to enforce collection of the unpaid taxes. *Id.* at 720, 105 S.Ct. at 2924. The Internal Revenue Code ("IRC") provides two ways to collect on a lien: judicial foreclosure (IRC § 7403), and administrative levy (IRC § 6331).[1] Since perfection of an IRS lien does not transfer ownership of property to IRS, what is the effect of a levy?

■ The U.S. Supreme Court addressed the issue of whether an IRS pre-petition levy upon property of a debtor transfers ownership in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In *Whiting Pools*, the IRS had seized the debtor's tangible personal property, including equipment, vehicles, inventory and office supplies, pursuant to the levy and distraint provisions of the IRC. 462 U.S. at 200, 103 S.Ct. at 2311. The Court examined those IRC provisions and ruled that they "do not transfer ownership of the property to the IRS." *Id.* at 209–10, 103 S.Ct. at 2316. The Court explained that,

> [t]he Service's interest in seized property is its lien on that property. The Internal Revenue Code's levy and seizure provisions, 26 USC §§ 6331 and 6332 [26 U.S.C.S. §§ 6331 and 6332], are special procedural devices available to the IRS to protect and satisfy its liens, and are analogous to the remedies available to private secured creditors. They are pro-

visional remedies that do not determine the Service's rights to the seized property, but merely bring the property into the Service's legal custody.

*Id.* at 211, 103 S.Ct. at 2316 (citations omitted).

Noting that "ownership of property is transferred only when the property is sold to a bona fide purchaser at a tax sale," and that the "tax sale provision itself refers to the debtor as the owner of the property after the seizure but prior to the sale," the court concluded that property seized by IRS was still property of the estate subject to turnover under Code § 542. *Id.*

IRS argues that the Receivable is a cash equivalent, that the *Whiting Pools* decision is based on a debtor's right to redeem tangible property subsequent to the seizure, and that since redemption does not apply to cash and cash equivalents, *Whiting Pools* is inapplicable.

To support its position, the IRS relies primarily on *In re Professional Technical Services*, 71 B.R. 946 (Bankr.E.D.Mo.1987). *Professional Technical Services* involved a pre-petition IRS levy upon account receivables of the debtor. *Id.* at 947. The court in *Professional Technical Services* concluded that when a debtor's interest in tangible property exceeds the tax owed, then the debtor retains two identifiable property interests: "1) the right to redeem property prior to an IRS sale (26 U.S.C. § 6337); and (2) the Debtor's right to any surplus received upon the sale of the property (26 U.S.C. § 6342)." *Id.* at 949. The court reasoned that,

> [i]n the case of tangible property the IRS procedures for notice and sale (26 U.S.C. § 6335) have the necessary purpose of protecting redemption and surplus rights. But where the property is cash or cash equivalent (less than the amount of the tax assessed), this Court finds no such rights to protect, thus the § 6335 procedures of notice and sale serve no purpose and are not necessary for the

---

1. § 6331 provides:
   If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the

   Secretary to collect such tax ... by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person.

completion of the IRS levy. An IRS levy is completed as to cash or a cash equivalent when the procedure found in § 6331 and § 6332 of Title 26 are performed. Once completed, the debtors interest in the property levied upon is extinguished unless some remaining interest can be identified.

*Id.* at 949–50.

The court then qualifies its analysis by concluding that,

[w]hile redemption and surplus rights do not apply to cash or equivalents such as the accounts receivable and bank accounts involved herein; it is conceivable that a debtor could retain an equitable interest in such property if its value were greater than the value of the debt levied upon. Such an equitable interest exists, however, only where the property value exceeds the tax levy or such amounts are disputed, leaving the possibility of an excess. As there is neither an excess nor a dispute herein, no such equity interest is possible.

*Id.* at 950.

*Professional Technical Services* is inconsistent with *Whiting Pools*, the statutory provisions in the IRC governing collection, and other case authority.

*Whiting Pools* does not draw a distinction between tangible and intangible property. It also does not draw a distinction between property in which the debtor has or does not have a surplus. The Court clearly states that ownership does not transfer to IRS until the seized property is sold to a bona fide purchaser at a tax sale. 462 U.S. at 211, 103 S.Ct. at 2316. The court took this position based on language in the tax sale provision which refers to the debtor as the owner of the property after the seizure but prior to the sale. *Id.* Furthermore, the Court says that the debtor has the right to require turnover of the property under § 542(a) before the sale. *Id.*

I understand that *Whiting Pools* deals with tangible property, but the Supreme Court did not draw any distinction between tangible and intangible property. I accept the proposition that if no sale is required to liquidate the seized asset, ownership would transfer from the debtor to IRS at the moment of seizure. However, as discussed later, account receivables are subject to sale.

Additionally, the notion that IRS can seize property of the debtor and keep it to the detriment of the debtor's reorganization efforts is contrary to underlying principles of the Code. *Whiting Pools* makes it abundantly clear that the IRS gets the same treatment as everyone else. *Id.* at 209, 103 S.Ct. at 2315–16.

Turning to the applicable collection provisions, IRC § 6335 [2] and § 6337 [3] provide the statutory rights of notice before sale of seized property and the opportunity to redeem property "at any time prior to the sale." The statutory language of § 6335 and § 6337 do not distinguish between "tangible property" and "cash equivalents." IRC § 6342 [4], which reserves the

---

**2.** IRC § 6335(b) provides:

(a) Notice of sale.—The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a), and shall cause a notification to be published in some newspaper published or generally circulated within the county wherein such seizure is made, or if there be no newspaper published or generally circulated in such county, shall post such notice at the post office nearest the place where the seizure is made, and in not less than two other public places. Such notice shall specify the property to be sold, and the time, place, manner, and conditions of the sale thereof.

**3.** IRC § 6337(a) provides:

(a) Before sale.—Any person whose property has been levied upon shall have the right to

pay the amount due, together with the expenses of the proceeding, if any, to the Secretary at any time prior to the sale thereof, and upon such payment the Secretary shall restore such property to him, and all further proceedings in connection with the levy on such property shall cease from the time of such payment.

**4.** IRC § 6342, which provides for the application of proceeds of levy, states that a liability is collected when,

any money realized by proceedings under this subchapter (whether by seizure, by surrender under section 6332 ... or by sale of seized property) or by sale of property redeemed by the United States (if the interest of the United States in such property was a lien arising

right to any surplus of a sale to the taxpayer, only directs how the IRS shall apply "money realized by proceedings" in satisfaction of a lien.

Further, the statutory language of the IRC does not condition termination of redemption rights upon the existence of equity in the levied property, or an intent to redeem. Rather, IRC § 6337(a) provides that redemption rights in levied property exist until the time of sale.

The IRC collection provisions, therefore, provide that a taxpayer's interest in property is not transferred to the IRS until it is either sold, or deemed sold to the United States. *See, Whiting Pools,* 462 U.S. at 211, 103 S.Ct. at 2316–17. The *money* proceeds of a sale under § 6335 may then be applied to the liability according to § 6342. IRC § 6342, the only collection or enforcement provision which uses the term "money", provides that no sale is necessary when money is realized through seizure or surrender. The taxpayer's interest in the money terminates at the time of the seizure, except as to any surplus. Thus, the only property not subject to IRC § 6335 is money and, as some courts have noted, cash equivalents.

*Professional Technical Services* classifies an account receivable as a cash equivalent. Courts have identified certain types of property as so closely related to cash that they should be viewed as the equivalent of cash, thereby fitting within the "money" requirement of IRC § 6335. *See, e.g., J. Barry McLaughlin v. Internal Revenue Service,* 139 B.R. 9, 11 (N.D.Ohio 1991), (debtors interest in an IRA account is extinguished when IRS properly executes a levy on the property); *In re Brown,* 126 B.R. 767 (N.D.Ill.1991) (owner-

ship of bank accounts which debtor held in trust and had right to deposit and withdraw from is transferred to IRS upon proper notice of levy); *Altman v. C.I.R.,* 83 B.R. 35 (D.Hawaii 1988) (IRS's levy on debtor's interest as beneficiary of a spendthrift trust, where the trust res was bank certificates of deposit, prevented debtor's interest in the res from becoming part of bankruptcy estate.).[5] I disagree with the holding of *Professional Technical Services* that an account receivable is the equivalent of cash.

First, the Supreme Court addressed the issue when resolving the conflict between the Second Circuit's decision in *Whiting Pools* and the Fourth Circuit's decision in *Cross Electric Co. v. United States,* 664 F.2d 1218 (4th Cir.1981).[6] *Cross Electric* involved a Chapter 11 debtor seeking turnover of an account receivable on which the IRS had executed a pre-petition levy. *Id.* at 1218. The Fourth Circuit held that the IRS levy "operated as 'virtually a transfer to the government of the indebtedness'," and although the debtor retained the right to redeem the property, absent the trustee's indication of an intent to redeem, the bankruptcy court had no authority to "dissolve" the IRS levy. *Id.* at 1220–21. Furthermore, the right to redeem required the trustee to pay the tax. Absent such payment, the trustee had no right to possession of the receivables. *Id.* at 1221.

The Supreme Court in affirming the Second Circuit in *Whiting Pools* declined to follow the Fourth Circuit's reasoning in *Cross Electric.* I view this as a rejection of the idea that account receivables are to be treated like cash or cash equivalents. Subsequent decisions that have considered this issue have likewise consistently held that account receivables are property sub-

---

under the provisions of this title) shall be applied as follows...."

5. Even *Whiting Pools* impliedly recognized that a levy upon cash or cash equivalent will transfer ownership to the IRS: "Of course, if a tax levy or seizure transfers ownership of the property seized, § 542(a) may not apply." 462 U.S. at 209, 103 S.Ct. at 2316.

6. The Court stated that, "[t]he [Second Circuit] Court of Appeals acknowledged that its ruling

was contrary to that reached by the United States Court of Appeals for the Fourth Circuit in *Cross Electric Co. v. United States,* 664 F.2d 1218 (1981), and noted confusion on the issue among bankruptcy and district courts. [*U.S. v. Whiting Pools, Inc.*] 674 F.2d [144] at 145 and n. 1. [ (2nd Cir.1982) ] We granted certiorari to resolve this conflict in an important area of the law under the new Bankruptcy Code."

ject to an IRC § 6335 tax sale and IRC § 6337 redemption rights.[7]

I find that account receivables constitute saleable property that is subject to the debtor's right to redeem after an IRS seizure and notice of sale of the property. Additionally, until the property has been converted into cash and applied against the outstanding tax claim, account receivables are still property of the estate, and the debtor may use the property in accordance with the Code.

Here, IRS has not converted the Receivable into cash. Once the petition was filed, it was prohibited from doing so by the automatic stay. The Receivable became property of the estate upon the filing of the bankruptcy. The IRS has a perfected security interest, and under Code § 363 the Receivable is considered to be "cash collateral", which debtor has the right to use if it provides IRS with adequate protection.

Finally, IRS argues that the facts here are governed by this court's opinion in *In re Caldwell*, 111 B.R. 836 (Bankr.C.D.Cal. 1990). *Caldwell* involved a pre-petition levy by California's State Board of Equalization on a debtor's bank account. The debtor was indebted to California for delinquent sales and use taxes in an amount in excess of the amount in the bank account. *Id.* at 836. The state held a perfected and enforceable state tax lien against the debtor. *Id.* at 837. I noted that despite the perfected and enforceable lien, the debtors still owned the bank account subject to the state's interest, and that "the debtor's interest in the Funds would only terminate if ownership of the Funds transferred to the Board before the commencement of the case." *Id.* at 838. An examination of the collection procedures provided for sales and use taxes under California Revenue and Taxation Code § 6703[8] revealed that the debtor had no right of redemption under § 6703. Accordingly, I found that a prepetition state levy did transfer ownership of the property to the state.

*Caldwell*, however, is inapplicable here since it involved a state levy, while the issue before me is the effect of a prepetition federal levy. "Liens for federal taxes and provisions for their collection are strictly federal and strictly statutory." *Bank of Nevada v. U.S.*, 251 F.2d 820 (9th Cir.1958). Any determination of whether a federal levy terminates the debtor's ownership interest in account receivables must be based upon the collection provisions of the IRC, and as previously discussed, account receivables are subject to a tax sale with the debtor retaining a right of redemption.

■ In summary, *Whiting Pools* is controlling authority for an IRS pre-petition levy on account receivables. The Supreme Court declined to follow *Cross Electric* and did not distinguish between tangible and intangible property (e.g., account receivables). While an IRS levy upon cash or cash equivalents immediately transfers a debt-

---

7. *See, e.g., In re J. Barry McLauglin v. Internal Revenue Service*, 1991 U.S.Dist. LEXIS 17405, *7 (N.D.Ohio 1991) (an account receivable is not a cash equivalent in that it may be sold at a tax sale at discounted value); *In re Brown*, 126 B.R. 767, 771 (N.D.Ill.1991) ("accounts receivable which, though intangible, are not "cash equivalents" ... (Unlike the cash equivalents at issue here, [IRA accounts] accounts receivable may be sold at a tax sale—at or below their face value, depending upon the purchaser's perception of the success and ease of collection efforts.)"); *In re AIC Industries, Inc*, 83 B.R. 774, 777 (Bankr.D.Colo 1988), ("Section 6331 of the IRS Code ... empowers the IRS to levy upon all property of the taxpayer for any delinquent taxes. But there are limitations upon that power: ... The property must be sold. 26 U.S.C. § 6335(b). This applies to accounts receivable as well as tangible property. *In re Barlows*, 36 B.R. 826 (Bankr.E.D.Va.1984)").

8. California Revenue and Taxation Code § 6703 provides:

[T]he board may by notice of levy, served personally or by first-class mail require all persons having in their possession, or under their control, any credits or other personal property belonging to a retailer or other person liable for any amount under this part to withhold from such credits or other personal property the amount of any tax, interest, or penalties due from such retailer or other person or the amount of any liability incurred by them under this part, and to transmit the amount withheld to the board at such times as it may designate. The notice of levy shall have the same effect as a levy pursuant to a writ of execution.

or's interest in the money to IRS (except for any surplus), where a federal tax levy is upon property other than cash or cash equivalent, a debtor continues to own the property and retains a right to redeem the property. An account receivable is not a cash equivalent and, therefore, must be sold at a tax sale with the debtor retaining redemption rights.

Accordingly, the Receivable is property of the bankruptcy estate subject to § 363. Practically, debtor probably should have moved for turnover of the Receivable under Code § 542. In any event, the issues regarding debtor's use of the Receivable and adequate protection are left for a future hearing. Debtor is to obtain a hearing date to resolve these issues.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.