**In re John J. CAMACHO and Barbara A. Camacho, Debtors.**

**John J. CAMACHO and Barbara A. Camacho, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Adv. No. A92–00798–001–DMD.

Bancap No. 93–3022.

United States Bankruptcy Court, D. Alaska.

Dec. 2, 1994.

George Lyle, Anchorage, AK, for debtors/plaintiffs.

Robert Branman, Washington, DC, for defendant.

*ORDER GRANTING, IN PART, AND DE-NYING, IN PART, CROSS–MOTIONS FOR SUMMARY JUDGMENT, and SETTING TRIAL DATE*

DONALD MacDONALD IV, Bankruptcy Judge.

Pending before the court are the cross-motions for summary judgment with regard to the sixth cause of action in the Camacho's adversary complaint. The Camachos contend the defendant (referred to herein as "the IRS") violated the automatic stay when it received Mr. Camacho's permanent fund dividend, post-petition, as a result of a pre-petition levy. There are three issues before the court:

1. Whether the IRS's levy on the permanent fund dividend was valid;

2. Whether the permanent fund dividend is property of the bankruptcy estate, subject to turnover, pursuant to 11 U.S.C. §§ 541 and 542; and

3. Whether the IRS has violated the automatic stay, entitling the Camachos to recover their costs, attorney's fees and punitive damages.

I find for the plaintiffs on the second issue. A genuine issue of material fact exists which precludes summary judgment on the first issue, which will be set for trial. I also reserve judgment on the third issue pending determination of the validity of the IRS levy.

**Factual Background.**

The undisputed facts surrounding this dispute are as follows. The IRS served a notice of intent to levy on the Camachos with respect to their 1984 1040 taxes on September 1, 1992. On September 23, 1992, the IRS served a notice of levy upon the State of Alaska Department of Revenue, Permanent Fund Division. This notice of levy was for in excess of $13 million, and was directed against the 1992 permanent fund dividends of various taxpayers, including John Camacho. On September 30, 1992, the Camachos filed their Chapter 11 petition. The Camacho's attorney notified the IRS on October 1, 1992, that the bankruptcy had been filed. On November 17, 1992, in response to the notice of levy, the State of Alaska sent the IRS a check for $1,455,367.22, which sum included John Camacho's 1992 permanent fund dividend.

**Analysis.**

 The Camachos contend the IRS levy on the permanent fund dividend is invalid because the levy occurred less than 30 days after they were served with a notice of intent to levy, in violation of 26 U.S.C. § 6331(d), which provides:

(d) Requirement of notice before levy.—

(1) In general.—Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.

(2) 30–day requirement.—The notice required under paragraph (1) shall be—

(A) given in person,

(B) left at the dwelling or usual place of business of such person, or

(C) sent by certified or registered mail to such person's last known address no less than 30 days before the day of the levy.

The IRS concedes that if the levy on the permanent fund dividend had been premature, it would be invalid. However, the IRS contends its levy was valid because it served an earlier notice of intent to levy on the Camachos in 1990. In support of this contention, the IRS provides a copy of a Certificate of Assessments and Payments regarding the Camacho's federal tax liability for tax years 1980 through 1986. The declaration of Doris Brown, submitted by the IRS, states that the certificate of assessments shows the IRS "sent the Camachos a 'Fourth Delinquency Notice' on October 22, 1990 with regard to their 1984 liability." Ms. Brown's declaration also states that this Fourth Delinquency Notice "refers to the IRS notice of intention to levy."

I find the IRS has failed to establish that an earlier notice of levy was properly served on the Camachos. If a notice of intent to levy is served by mail, it must be sent by certified or registered mail. 26 U.S.C. § 6331(d)(2)(C). Neither Ms. Brown's declaration nor the copy of the Certificate of

Assessments and Payments establishes that the Fourth Delinquency Notice of October 22, 1990 was sent in this manner. Accordingly, a factual issue exists regarding the validity of the IRS's levy on the permanent fund dividend. *See United States v. Arford,* 71 A.F.T.R.2d 93–718, 1993 WL 120365 (D.Idaho 1993); *United States v. Wright,* 658 F.Supp. 1 (D.Alaska 1986). I feel the Camachos have also shown that a factual issue exists as to whether the assessments referenced in the October 22, 1990 notice were subsequently abated. Unless the IRS can show it provided the Camachos with a notice conforming with § 6332(d), its levy on the permanent fund dividend is invalid. The issue of the validity of the IRS levy on the permanent fund dividend will be set for trial.

■ Even assuming the IRS levy is valid, however, the permanent fund dividend is property of the bankruptcy estate, subject to turnover by the IRS. I find that the holding of the Supreme Court in *United States v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) is controlling. In that case, the Court stated:

> We conclude that the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization.
>
> We see no reason why a different result should obtain when the IRS is the creditor. The Service is bound by § 542 to the same extent as any other secured creditor.... Nothing in the Bankruptcy Code or its legislative history indicates that Congress intended a special exception for the tax collector in the form of an exclusion from the estate of property seized to satisfy a tax lien.

*Id.,* 462 U.S. at 209, 103 S.Ct. at 2315.

The IRS contends *Whiting Pools* does not control the instant case because it has levied on an intangible, rather than tangible, asset of the Camachos. The Eleventh Circuit has found that this distinction is without merit.

The government's attempt to distinguish this case from *Whiting Pools* is based on a distinction between tangible property and cash equivalent property.... This distinction, however, does not require a departure from *Whiting Pools* (property essential to the running of the business included in the reorganization estate through § 542(a)). The government relies on the reasoning of *Cross Electric Co. v. United States,* 664 F.2d 1218 (4th Cir.1981). The property right seized by the IRS in that case was the debtor's right to collect an account receivable.

However, the direct conflict between *Cross Electric* and [*United States v.*] *Whiting Pools,* 674 F.2d 144 (2nd Cir.1982), was the basis for granting certiorari to review *Whiting Pools.* 462 U.S. at 202, 103 S.Ct. at 2312. Had the Supreme Court intended to restrict its holding to situations involving tangible saleable property, it either would not have recognized a conflict between *Cross Electric* and *Whiting Pools I* and refused to grant certiorari, or it would have, at the very least, indicated that no conflict existed between the two decisions in view of the different types of property involved.

*In re Challenge Air,* 952 F.2d 384, 386–87 (11th Cir.1992). I adopt the Eleventh Circuit's analysis.

The IRS contends the levy stripped John Camacho of his interest in the permanent fund dividend and placed it in the constructive possession of the IRS. I disagree. A permanent fund dividend is an "economic interest" consisting of an annual lump sum payment. *State v. Anthony,* 810 P.2d 155, 158 (Alaska 1991). Dividend recipients have no control over the amount of the payment, *Id.,* AS 43.23.025, or its timing. Although 45 percent of the dividend is exempt from most levies, the entire dividend may be levied upon to satisfy certain obligations other than delinquent federal taxes, including child support, court ordered restitution or fines, and defaulted state student loans. AS 43.23.065. Until the IRS actually received the permanent fund dividend from the State of Alaska, its interest in this asset was no greater than that of any other levying creditor. In *Whiting Pools,* the Court described the IRS's interest in seized property as follows:

> The Service's interest in seized property is its **lien** on that property. The Internal Revenue Code's levy and seizure provi-

sions, 26 U.S.C. §§ 6331 and 6332, are special procedural devices available to the IRS to protect and satisfy its liens, and are analogous to the remedies available to private secured creditors. **They are provisional remedies that do not determine the Service's rights to the seized property, but merely bring the property into the Service's legal custody.**

*Id.* at 462 U.S. at 210–11, 103 S.Ct. at 2316 (emphasis added, citations omitted).

If the IRS levy is valid, the IRS holds a perfected lien against John Camacho's 1992 permanent fund dividend, entitling it to adequate protection under 11 U.S.C. § 363. However, the IRS is not exempt from the provisions of 11 U.S.C. § 542(a), and must surrender the permanent fund dividend to the Camachos. The Camachos have indicated that they will place the dividend funds into a segregated, interest bearing account pending determination of the issue of adequate protection.

■ Finally, the Camachos assert the IRS's retention of the permanent fund dividend, post-petition, constitutes a willful violation of the automatic stay, entitling them to actual damages, including attorney's fees and costs, as well as punitive damages. On the facts before me, I do not find a willful violation of the stay occurred. I may reconsider this issue after trial, if it appears that the IRS levy was invalid. The Camacho's motion for summary judgment, as to this issue, will be denied without prejudice. Therefore,

**IT IS ORDERED:**

1. The United States' motion for summary judgment on the sixth cause of action, filed July 29, 1994, is denied.

2. With reference to the Camacho's cross motion for summary judgment on the sixth cause of action, filed September 15, 1994:

A) Summary judgment is granted on the issue of whether the permanent fund dividend is property of the bankruptcy estate, subject to turnover, pursuant to 11 U.S.C. §§ 541 and 542. The Internal Revenue Service shall deliver the 1992 permanent fund dividend to the Camachos, who shall place the dividend into a segregated, interest bearing account until further order of this court.

B) Summary judgment is denied, without prejudice, on the issue of whether the IRS has violated the automatic stay, entitling the Camachos to recover their costs, attorney's fees and punitive damages.

3. A final order and judgment shall not be entered in this case until the conclusion of trial. This order is interlocutory and not subject to appeal.

4. With reference to the issue of the validity of the IRS's levy on the permanent fund dividend, the following dates are set:

a. **TRIAL** is scheduled for the trial period beginning **FEBRUARY 13, 1995, at 9:00 A.M. through FEBRUARY 17, 1995,** in Courtroom 2, 605 West Fourth Avenue, Anchorage, Alaska. The court has set more than one trial at the same time. The court will monitor the calendar as the trial date approaches so that parties can be advised of the exact time when they can expect to go to trial. This trial, however, may trail other matters set at the same time.

b. WITNESS LISTS shall be filed by **JANUARY 31, 1995,** giving the name and address of each witness which the party intends to call on direct or rebuttal (if known).

c. DISCOVERY closes on **JANUARY 20, 1995.** All discovery shall be served so that timely responses will be due no later than this date.

d. EXHIBITS will be marked, listed, and exchanged seven days (including weekends and holidays) before trial. An Exhibit List (but, not the exhibits themselves) shall be filed with the court by each party. Plaintiff's exhibits shall be identified numerically and defendant's shall be identified alphabetically. The in-court recorders can advise about marking if there are multiple parties. Sufficient copies of the exhibits will be available (unless impracticable) for the court, the witness and the parties.

All exhibits shall be tabbed and placed in binders which contain a listing of the exhibits. Exhibits which do not fit in the binders may be offered separately.

Any party objecting to the admission of any exhibit exchanged under the preceding paragraph must file a list of those exhibits objected to and the grounds for objection two business days before the trial. If no objection, the court will consider the exhibit as admitted unless the court decides not to automatically admit the exhibit at the trial.

e. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW shall be filed no later than one week before trial by each party.

f. Failure to abide by this order may constitute a default.