In re HDI PARTNERS, Debtor.

Daniel L. BAKST, Trustee, Plaintiff,

v.

LIFESTYLE TREE MAINTENANCE LANDSCAPE SERVICE, INC.; Installations by Richie, Inc.; Richard Spiotta d/b/a Installations by Richie; John Elias aka Lance J. Elias; TJ Installations, Inc.; and United States of America, Defendants.

Bankruptcy No. 95–30562–BKC–PGH.
Adv. No. 96–0038–BKC–PGH–A.

United States Bankruptcy Court,
S.D. Florida.

Nov. 7, 1996.

Denise Rappaport Isaacs, Boca Raton, FL, for Debtor.

Daniel Bakst, Trustee, West Palm Beach, FL.

Michael R. Bakst, Ackerman, Bakst and Cloyd, P.A., West Palm Beach, FL, for Trustee.

### *MEMORANDUM DECISION AND ORDER*

PAUL HYMAN, Jr., Bankruptcy Judge.

Daniel Bakst, the Chapter 7 Trustee of HDI Partners (the "Trustee"), brought this adversary proceeding to determine the extent, priority, and validity of a lien and/or interest in property. The issue before the Court is whether the Internal Revenue Service ("IRS") has a superior interest in funds which were turned over to the Trustee pursuant this Court's Order granting the Trustee's Application For Turnover.

### BACKGROUND

The Debtor, HDI Partners, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 27, 1995 and the Trustee was appointed. In October 1994, the IRS served a Notice of Levy in the amount of $23,096.41 upon Home Depot, U.S.A., Inc., as a result of the Debtor's failure to pay unemployment taxes for the fourth quarter

of 1992 and the first quarter of 1993. At the time of the Notice of Levy Home Depot owed the Debtor $16,792.84 (the "Funds"). Although the IRS served a Notice of Levy on Home Depot, the IRS did not record a Notice of Federal Tax Lien prior to the filing of Debtor's voluntary petition. Home Depot did not remit any monies to the IRS because of two separate interpleader actions pending in state court against all the defendants in this adversary proceeding except for the United States of America.

After his appointment, the Trustee sought turnover of the Funds. The Court approved the Trustee's Application For Turnover on October 11, 1995, and the Trustee now has possession of the Funds. Subsequent to the Court's approval of the Trustee's application, the IRS filed an amended proof of claim in the amount of $31,467.62. The IRS asserts that $16,792.84 of its claim is secured by the Funds. Because the IRS claims a superior interest in the Funds, the Trustee commenced this adversary proceeding.

The parties acknowledged that the issues in this adversary proceeding were legal in nature and filed a joint motion to cancel trial. The Court granted the motion and directed the IRS and the Trustee to submit memorandums of law regarding the extent, priority, and validity of the IRS's lien and/or interest in the Funds. Because remaining non-defaulted defendants recognize that their interests in the Funds are inferior to the Trustee, they have agreed to a judgment being entered in favor of the Trustee should the Trustee prevail against the IRS.

## DISCUSSION

The Trustee contends that the Funds are property of the Debtor's estate because the IRS failed to record and/or serve a Notice of Lien. The Trustee further argues that the Notice of Levy served upon Home Depot is insufficient to establish the IRS's claim as a secured claim. By contrast, the IRS contends that the Notice of Levy accomplished a seizure of the Debtor's right to payment and as a result the estate does not have any interest in the Funds. In addition, the IRS argues that even if the Funds are property of the Debtor's estate, the Trustee may not avoid its tax lien which arose automatically pursuant to 26 U.S.C. §§ 6321 & 6322. Finally, the IRS argues that since it did not receive proper notice of the Trustee's Application for Turnover, the Court lacked jurisdiction to order the turnover.

## 1. THE FUNDS WHICH WERE TURNED OVER TO THE TRUSTEE ARE PROPERTY OF THE DEBTOR'S ESTATE.

Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 542 of the Bankruptcy Code gives the Trustee the power to seek turnover of all property of the Debtor's estate. 11 U.S.C. § 542. The IRS maintains that its pre-petition levy on the account receivable prevented the Funds from ever becoming property of the Debtor's estate. The Court disagrees with the IRS and finds that the Funds are property of the Debtor's estate.

The Supreme Court's decision in *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), holds that seizure of property pursuant to a tax levy does not transfer ownership of the property to the IRS. *Id.* at 209–210, 103 S.Ct. at 2315–16. Ownership transfers only after the property is sold at a tax sale. Until the tax sale, "the Service's interest in seized property is its lien on that property." *Id.* at 210, 103 S.Ct. at 2316. Consequently, property seized pursuant to a valid tax levy is subject to turnover under § 542 if it is property of the estate. *Id.*

In *In re Challenge Air, Inc.,* the Eleventh Circuit expanded upon *Whiting Pools* and found that accounts held by a third party subject to an pre-petition tax levy remained property of the estate. 952 F.2d 384 (11th Cir.1992). The Eleventh Circuit determined that the pre-petition levy only gave the IRS constructive possession of the right to payment associated with the account. The Eleventh Circuit decided that constructive possession of a right to payment does not preclude turnover under Section 542 because

the pre-petition levy fails to divest a debtor of ownership of the asset. *Id.* at 387, *citing United States v. National Bank of Commerce,* 472 U.S. 713, 720–22, 105 S.Ct. 2919, 2924–25, 86 L.Ed.2d 565 (1985). *See In re National Center For the Employment of the Disabled,* 157 B.R. 291 (Bankr.W.D.Tex. 1993). Accordingly, the Funds are property of the Debtor's estate despite the IRS's valid tax levy.

■ The IRS attempts to distinguish both *Whiting Pools* and *Challenge Air* from the instant case by contending that since both cases involved reorganization under Chapter 11 rather than liquidation under Chapter 7, there is no rehabilitative purpose to be achieved by requiring turnover. This argument is without merit. The trustee's strong arm powers are found under Chapter 5 of the Bankruptcy Code. The provisions of Chapter 5 apply to any case commenced under Title 11. Section 103(a) of the Bankruptcy Code explicitly states, ". . . chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title." Therefore, under the plain meaning of Section 103(a), the turnover provisions of Section 542 apply to any bankruptcy case commenced under Title 11.

### 2. THE TAX LIEN WHICH ARISES AUTOMATICALLY UNDER 26 U.S.C. § 6321 MAY BE AVOIDED BY THE TRUSTEE.

■ In *Whiting Pools,* the Supreme Court found that until a tax sale, "the Service's interest in seized property is its lien on that property." *Id.* at 210, 103 S.Ct. at 2316. The tax lien arises when a taxpayer neglects or refuses to pay taxes after a demand for payment is made by the IRS. This general lien arises in favor of the United States on all property, or rights to property, belonging to the delinquent taxpayer. Section 6321 of the Internal Revenue Code provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all

property and rights to property, whether real or personal, belonging to such person. 26 U.S.C. § 6321. This lien in favor of the United States has often been characterized as a "secret lien" because it arises automatically by operation of law.

■ Once a bankruptcy petition is filed, the bankruptcy estate succeeds to all of the debtor's pre-petition interests in property, even those interests which may be restricted or encumbered. 11 U.S.C. § 541. If a debtor's property is encumbered by a federal tax lien, then the property enters the bankruptcy estate subject to the lien.

■ The federal tax lien is perfected as to the taxpayer/debtor without the IRS filing a Notice of Federal Tax Lien. However, the lien is not effective against third parties unless a Notice of Federal Tax Lien has been publicly recorded. 26 U.S.C. § 6323(a) & (f). *See In re Suarez,* 182 B.R. 916, 922 (Bankr. S.D.Fla.1995); *In re Carr,* 185 B.R. 892 (Bankr.M.D.Fla.1995); *In re Anaheim Electric Motor, Inc.,* 137 B.R. 791 (Bankr. C.D.Cal.1992); *In re Olson,* 154 B.R. 276 (Bankr.D.N.D.1993).

■ The Internal Revenue Code requires that a Notice of Federal Tax Lien be recorded in accordance with state law to be effective against third parties. 26 U.S.C. § 6323(f)(1)(A)(ii). Florida has adopted the Uniform Federal Lien Registration Act. Fla.Stat. ch. 713.901 (1995). Under Florida law, notices of federal liens on the personal property of a corporation or partnership must be filed in the office of the Secretary of State for the State of Florida. Fla.Stat. ch. 713.901(3)(c)(1). The IRS does not dispute the Trustee's contention that it failed to record a Notice of Federal Tax Lien with the Secretary of State. Therefore, the automatic tax lien created under 26 U.S.C. § 6321 is unperfected as to third parties as of the date of the filing of Debtor's voluntary petition. *In re Suarez* at 919; *In re Dave Thomas Co.,* 51 B.R. 66 (Bankr.W.D.Ky.1985).

■ Section 545(2) of the Bankruptcy Code gives the Trustee the power to avoid unperfected statutory liens. It provides in pertinent part:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such purchaser exists.

11 U.S.C. § 545(2). Federal tax liens are statutory liens and are subject to the Trustee's strong arm powers under § 545. 11 U.S.C. § 101(53). *In re de la Vergne,* 156 B.R. 773 (Bankr.E.D.La.1993). Since the IRS has failed to record and perfect its lien, the Trustee may avoid its lien under Section 545(2) of the Bankruptcy Code.

Despite the clear language of the Internal Revenue Code, the IRS contends that the Notice of Levy served upon Home Depot was sufficient to perfect its interest in the Funds. The IRS argues that the Trustee's avoidance powers under Section 545 are ineffective because the property levied upon was an account receivable. The IRS's argument is misguided because the Internal Revenue Code's levy and seizure provisions [1] are merely special procedural devices available to the IRS to protect and satisfy its liens. *Whiting Pools* at 210–11, 103 S.Ct. at 2316–17. As shown earlier, the levy provisions do not transfer ownership of the levied property to the IRS or perfect a security interest in accounts receivable. *Challenge Air; In re Federation of Puerto Rican Organizations of Brownsville, Inc.,* 155 B.R. 44, 46–47 (E.D.N.Y.1993); *In re Anaheim Electric Motor,* 137 B.R. 791, 795–97 (Bankr.C.D.Cal. 1992). As a result, the IRS could only perfect its lien by recording it with the Secretary of State.

■■■ The Trustee may also avoid the IRS's unperfected lien in his capacity as lien creditor pursuant 11 U.S.C. § 544. Section 544(a) states in pertinent part:

The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debt-or or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case and obtains, at such time and with respect to such credit an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;

11 U.S.C. § 544(a)(1) & (2). The Trustee's powers are the same as those of a hypothetical creditor of the Debtor who has completed the legal process for perfection of his lien upon all property available for the satisfaction of his claim against the Debtor. The Trustee's lien takes priority over all unperfected liens or security interests. The extent of the Trustee's powers under section 544 is determined by the applicable non-bankruptcy law. *See e.g., In re LMS Holding Co.,* 149 B.R. 681 (Bankr.N.D.Okla.1992).

Florida law defines a lien creditor as, *inter alia,* "a trustee in bankruptcy from the date of the filing of the petition ...". Fla.Stat. ch. 679.301(3) (1995). In addition, Florida law provides that the proper place to perfect a security interest in accounts receivable is with the Secretary of State. Fla.Stat. ch. 679.401. Therefore, in Florida, a properly perfected security interest in Debtor's accounts receivable would have been recorded at the same location as a Notice of Federal Tax Lien. The IRS's failure to file a Notice of Federal Tax Lien with the Secretary of State means that a potential lien creditor would not have had notice of the lien's existence and, accordingly, the unrecorded tax lien is inferior to the rights of a subsequent lien creditor. Therefore, under Section 544, the Trustee may avoid the IRS's unperfected tax lien. *See In re de la Vergne,* 156 B.R. 773 (Bankr.E.D.La.1993); *In re LMS Holding Co.,* 149 B.R. 681 (Bankr.N.D.Okla.1992).

1. 26 U.S.C. §§ 6331 & 6332.

3. **THE IRS'S FAILURE TO RECEIVE NOTICE OF THE TRUSTEE'S APPLICATION FOR TURNOVER DOES NOT DIVEST THE COURT OF JURISDICTION TO ORDER TURNOVER OF THE FUNDS.**

The Bankruptcy Court is vested with the authority to determine all competing claims relating to property of a bankruptcy estate. 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). Because this Court has concluded that the Funds remained property of the Debtor's estate despite the tax levy, it was clearly within this Court's jurisdiction to order turnover of the Funds to the Trustee subject to any existing liens. Even if the Court had determined that the IRS perfected its lien, the Court still could have ordered the turnover and the IRS's only recourse would have been to seek adequate protection of its interest. *Whiting Pools*, 462 U.S. at 211–12, 103 S.Ct. at 2316–17; *In re Anaheim Electric*, 137 B.R. at 796. Finally, the Court granted the Trustee's Application For Turnover subject to all claims and liens in the Funds so that all claims relating to the Funds could be determined in one adversary proceeding. Therefore, it is inconsequential whether the IRS received proper notice of the Application For Turnover.

## CONCLUSION

Based upon the foregoing, the Court finds that the Funds were property of the Debtor's estate. This Court further finds that the IRS's lien is avoidable under Sections 545(2) and 544 of the Bankruptcy Code. Finally, the IRS's failure to receive notice of the Trustee's Application For Turnover of the Funds does not divest this Court of jurisdiction to order turnover. Since the parties agreed that this dispute was suitable for resolution strictly on the legal issues presented, this memorandum decision contains the agreed upon facts and the Court's conclusions of law.

## *ORDER*

In accordance with the foregoing it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Funds turned over to the Trustee are property of the Debtor's bankruptcy estate.

2. The IRS's lien is avoidable under Sections 545(a) and 544(a)(1) & (2) of the Bankruptcy Code.

3. The IRS's failure to receive proper notification of the Trustee's Application For Turnover of the Funds did not divest the Court of jurisdiction to order turnover.

4. The Trustee's interest in the Funds is superior to the interests of Defendants Lifestyle Tree Maintenance Landscape Service, Inc.; Installations By Richie, Inc.; Richard Spiotta d/b/a Installations By Richie; John Elias aka Lance J. Elias; and TJ Installations, Inc. Their interests in the Funds are hereby avoided.

5. A separate Final Judgment will be entered in conformity with this decision and accordance with Bankruptcy Rule 9021.

**DONE AND ORDERED.**